## No. 17,557.

KARL F. HEHL ENGINEERING CO., INC., *v.* HAROLD HUBBELL.

(285 P. [2d] 593)

Decided July 5, 1955.

Messrs. AKOLT, CAMPBELL, TURNQUIST & SHEPHERD, Mr. ROBERT A. DICK, Mr. JOHN P. AKOLT, JR., for plaintiff in error.

Mr. JOHN E. FITZPATRICK, Mr. GEORGE F. BARBARY, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

DEFENDANT in error will herein be referred to as plaintiff, and plaintiff in error as defendant.

Plaintiff is the owner of a tract of land in Adams county, and defendant is the lessee of adjoining land. There was a living, flowing spring of water on plaintiff's land, some little distance from defendant's property. For approximately thirty years, plaintiff's family and predecessors had utilized the flow of water therefrom for fish hatchery purposes, and more recently, had converted the premises to hog raising, and the water was channelled to troughs to provide fresh, pure water for the hogs, sometimes five hundred or more in number.

About four years prior to the commencement of this litigation defendant began operating a gravel pit on its adjacent land; began pumping water from the pit and washing the gravel excavated; and did not return the water to the pit, but away therefrom and also away from plaintiff's land. The beneficial use that plaintiff and his predecessors made of the water from 1921 to 1951 was by gravity operation. In about 1946, defendant began using water for its operations to the extent of about 300 to 400 gallons per minute, five hours a day on two days each week during irrigation season for the irrigation of twenty-five acres northeast of plaintiff's spring. In this area the water table flows in a northwesterly direction. About May of 1951, defendant increased its washing operations to 700 gallons per minute twelve hours a day for seven days a week, and the water was diverted away in a northeasterly direction, which lowered the water level to such an extent that it stopped the gravity flow from

plaintiff's spring. At the time, plaintiff maintained 1,000 to 1,200 hogs on his property, and about one-half had been supplied regularly and constantly with water from the spring in question, and for a period between the early part of June and the latter part of August, 1951, plaintiff suffered a loss of one-half pound a day in the weight of his hogs, and to make his hogs marketable, was compelled to maintain them for an additional two-month period at a cost of $3,000.00 per month. After this period, plaintiff completed the installation of a water-pumping system to supply 500 hogs.

On August 21, 1951, plaintiff filed his complaint against defendant corporation, for damages and for injunctive relief based generally upon the facts hereinbefore related, and prayed for damages in the total amount of $20,000.00. After disposition of preliminary motions and the answer to propounded interrogatories, defendant answered, denying generally the allegations of the complaint, and as one defense alleged that all of the water used by defendant rises on the land that defendant was using, and that by reason thereof, defendant had a prior right to such use under our statutory provisions. The matter came on for hearing on the issues to the court, which entered its findings of fact and conclusions of law on the 12th day of July 1954. Judgment was entered upon the findings on the 11th day of August 1954 in favor of plaintiff against defendant in the sum of $4,664.09, and defendant was enjoined from conducting its operation in such a manner as to interfere with the normal flow of water in plaintiff's spring. To this judgment, defendant prosecutes a writ of error.

If we thought it unnecessary to discuss and determine the questions presented by defendant in its summary of the argument, we would do well to conclude this opinion by adopting the findings of fact and conclusions of law of the learned trial judge. The findings of fact are clearly supported by the evidence in the case and the trial court made apt conclusions of law based thereon. In substance,

the court found that plaintiff and his predecessors had for thirty years made beneficial use of the water on their land which came to the surface in the form of a spring close to the line between the lands of the parties hereto; that the pumping of water from defendant's gravel pits for excessive periods of time without return of the water to the pits or toward the land of plaintiff, caused plaintiff to install pumping apparatus to meet his needs; that such arrangement is less efficient and more expensive than the natural gravity flow which had been enjoyed; further, that plaintiff was entitled to the waters therefrom, first, because the spring arises on his land; secondly, because of the continuous beneficial use made thereof for thirty years, and there was no showing that the waters arising in such spring had been appropriated by anyone else; and finally, that the pit or pits on the lands of defendant cannot be considered as a spring or springs; and the acts of defendant have damaged plaintiff. The court made a reasonable and fair computation of such damage in its award of judgment.

Counsel for defendant contend that the findings of fact and conclusions of law of the trial court are contrary to the public policy of the State of Colorado; deprive defendant of its rights under the state constitution; and if allowed to stand, the judgment means that only the first person who taps an underground water supply can utilize the water in the reservoir regardless of what beneficial use others might make of the water remaining; and finally, the court erred in granting injunctive relief and in the allowance of damages.

The trial court having carefully sifted the facts presented, and having made proper application of the law to such facts, its judgment should not be disturbed; however, we will briefly discuss some of the questions raised. ■ ■ Defendant states that it has not been established that the underground waters here involved are tributary to a public stream. Regardless of the facts disclosed by the evidence that show otherwise, we adhere to

the well-settled presumption in this jurisdiction that all waters are tributary to a stream. Such holding has been approved in numerous cases, and as late as *Schluter v. Burlington Co.*, 117 Colo. 284, 198 P. (2d) 253, Justice Stone held that such was and is the presumption, and that being so, the water is subject to appropriation under the doctrine of *Nevius v. Smith,* 86 Colo. 178, 279 Pac. 44. In the latter case this Court determined that the statute giving the landowner priority over seepage water rising on his land *did not* mean "prior right," as against established right by appropriation. When this rule is applied to the present case, we find plaintiff as having established rights by appropriation which defeats any claim of defendant to the water arising on its land under the conditions here presented.

As to defendant's contention that the trial court erred in granting injunctive relief, we unhesitatingly direct attention to the complaint herein and the evidence adduced, by all of which it is alleged and proven that defendant's excessive operations depleted plaintiff's rightful supply of a gravity flow of water; subjected him to substantial loss in connection with his hog industry; and great expense in installing a water-pumping system capable of partially equalling the former natural gravity flow. When the trial court found that such excessive operations did so injure plaintiff, it was clearly within its power by injunction to limit the excessive operation or operations beyond which plaintiff would be damaged. Plaintiff being so injured and damaged, the court had no other alternative to prevent such damage than to enjoin defendant from violating plaintiff's long-established rights.

We will not discuss the question of damages further than to say that the trial court observed that damages in this case were difficult to ascertain, but such difficulty should not prevent the allowance of such reasonable amount as the evidence would support. To this end, our examination of the record discloses that the trial court acted wisely as well as justly in computing the damage

reflected in the judgment, and its determination being amply supported, will not be disturbed.

For the reasons herein indicated, the judgment of the trial court is affirmed.